UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-01463-MTS |
| ) | |
| COLLIN L. CHEN, MD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiff's letter, which the Court construes as a Motion for Reconsideration. The Court concludes that Plaintiff has not met his burden to warrant reconsideration of the dismissal of this action for lack of subject matter jurisdiction. *See Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))); *see also Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (district court did not abuse its discretion when it denied request to add evidence on citizenship previously known to the plaintiffs as part of a motion for reconsideration). Further, the Court cannot advise Plaintiff whether it would have jurisdiction over the action if Plaintiff refiled it in this Court. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); *see also KCCP Tr.*

*v. City of N. Kan. City*, 432 F.3d 897, 899 (8th Cir. 2005) (explaining that Article III of the Constitution prohibits federal courts from providing "advisory opinions").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, Doc. [7], is **DENIED**.

Dated this 27th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE